United States District Court
Southern District of Texas
**ENTERED**
September 11, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MALLORY JONES,** | § | |
| ***Plaintiff*** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 4:25-cv-02232** |
| | § | |
| **AXIOS INDUSTRIAL MAINTENANCE** | § | |
| **CONTRACTORS, INC.,** | § | |
| ***Defendant.*** | § | |
| | § | |

**MEMORANDUM & ORDER**

This case arises out of Plaintiff Mallory Jones's employment with – and termination by – Defendant Axios Industrial Maintenance Contractors, Inc. ("Axios"). Plaintiff contends the termination was retaliation for seeking leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (FMLA). Before the Court now is Defendant's Motion for Summary Judgment. ECF No. 18. After considering the Motion, all responses and replies, parties' oral arguments, and the applicable law, the Court concludes that Motion for Summary Judgment should be **DENIED**.

I. BACKGROUND

Plaintiff Mallory Jones began working for Defendant Axios Industrial Maintenance Contractors, Inc., in November of 2021, and was terminated by Axios on November 8, 2024. ECF No. 19 at 7, 10. On October 17, 2024, Plaintiff informed Defendant that she needed to take leave to care for her son, who had been diagnosed with malignant spindle cell neoplasm, consistent with a rare form of soft tissue cancer, by his dermatologist, Dr. Julie Croley ("Dr. Croley"). *Id* at 7.

Defendant's HR Generalist, Rebecca Costello, sent Plaintiff information relating to her leave request, and the requisite certification forms, including the "Form WH-380-F, Certification of Health Care Provider for Family Member's Serious Health Condition." ECF No. 18-1 at 114-16. Defendant instructed Plaintiff that the Health Care Provider Certification form ("Certification Form") needed to be returned to Defendant "within 15 calendar days," and that Section II of the form would be completed by Ms. Jones, and Section III by "the physician." ECF No. 18-1 at 115. Defendant approved Plaintiff's FMLA leave on October 18, 2024. ECF No. 18-2 at 166.

On November 4, 2024, two days after the initial deadline, Defendant's HR Generalist emailed Plaintiff, inquiring about whether Ms. Jones had completed the Certification Form. ECF No. 18-2 at 169. Plaintiff responded, saying she would have the paperwork after her son's appointment later that day. *Id*. at 175. Defendant did not receive a response, and on November 5, 2024, followed up again, stating "in order to activate your FMLA leave, we do need to receive the completed forms ***by the EOB today.***" *Id*. at 174 (emphasis in original). Shortly after, Plaintiff responded with the Certification Form, explaining the information on the form was all she had "so far." *Id*. Section III of the Certification Form returned on November 4, 2024, was incomplete, specifically the section which requested the name, address, medical specialty, telephone, fax, and email of the health care provider. *Id*. at 181. Defendant's HR Generalist informed Plaintiff of this on November 5, 2024, asked her to have "the physician fill out their contact information," and return the form by "the end of this week." *Id*. at 185.

As Plaintiff explains it, since Dr. Croley had filled out and signed Section III of the form, Plaintiff attempted to get into contact with Dr. Croley's office to have the form completed, but Dr. Croley was on maternity leave, and Plaintiff believed the practice was on hiatus during that time. ECF No. 19-1 at 36. So, Plaintiff contacted Elizabeth Lopez, the patient advocate assigned to

Plaintiff's son at MD Anderson. ECF No. 19 at 9; ECF 19-1 at 35. Plaintiff then added the names and contact information of Dr. Mary Austin and Dr. Jonathan Gill from MD Anderson, based on her discussion with Ms. Lopez. *Id*. at 36-37. Plaintiff then submitted that form to Defendant. *Id*.

After reviewing the newly submitted Certification Form, Defendant believed that the signature at the end of Section III "did not appear to match" the names of Drs. Austin and Gill. ECF No. 18-1 at 109. Defendant explained that Plaintiff did not include any information about who signed the forms when she submitted them. *Id*. As a result, on November 8, 2024, Defendant's HR Generalist contacted Ms. Lopez at MD Anderson, and asked whether the form was "legitimate." ECF No. 18-2 at 198. Ms. Lopez confirmed via email that neither Dr. Austin nor Dr. Gill signed the form. *Id*. at 197-98. Ms. Lopez's final email said, "you may also ask the referring doctor" and named Dr. Croley and provided her phone number. *Id*. at 196.

Later that day, Defendant sent Plaintiff an email containing a letter informing her that she was being terminated, on the basis that Defendant had determined that she "falsified documents related to the Family and Medical Leave Act (FMLA)," which was a "serious violation of company policy and ethics." ECF No. 18-1 at 21. Plaintiff responded to the email explaining that Dr. Croley had signed the form, and that Drs. Austin and Gill were the physicians she expected to treat her son at MD Anderson. *Id*. at 23.

## II. LEGAL STANDARD

### *A. Summary Judgment*

Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

The party moving for summary judgment bears the burden of demonstrating the absence of a genuine dispute of material fact. *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001). If the moving party meets this burden, the non-moving party must go beyond the pleadings to find specific facts showing that a genuine issue of material fact exists for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

*B. Family Medical Leave Act*

To establish her prima facie case of retaliation under the FMLA, the employee must show that "(1) she engaged in a protected activity, (2) the employer discharged her, and (3) there is a causal link between the protected activity and the discharge." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). If the employee makes that showing successfully, the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason for the employment action." *Id*. at 333. This is a burden of production, not persuasion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142 (2000). If the employer meets its burden, that burden shifts back to the

employee to offer sufficient evidence to create a genuine issue of fact either that "(a) the employer's proffered reason is a pretext for discrimination" or "(b) that the employer's reason, although true, is but one of the reasons for its conduct, another of which was discrimination." *Richardson v. Monitronics Int'l, Inc.,* 434 F.3d 327, 333 (5th Cir. 2005). Finally, if the employee proves that discrimination was "*a* motivating factor" in the decision, the burden shifts again to the employer to show that it "would have taken the same action despite the discriminatory animus." *Id*. (emphasis in original).

## III. ANALYSIS

### *A. Prima Facie Case*

As indicated in oral argument, for purposes of this Motion, the Defendant does not challenge whether Plaintiff has established sufficient evidence to support her prima facie case. *See* Minute Entry of August 28, 2026. Plaintiff, unsurprisingly, agrees. ECF No. 19 at 13. Plaintiff in this case (1) sought FMLA leave to care for her son, (2) was terminated by her employer, and (3) that termination occurred in close temporal proximity to Plaintiff's FMLA leave, specifically while she was on approved FMLA leave, establishing the requirements for the prima facie case. *See Leal v. BFT, Ltd. P'ship,* 423 F. App'x 476, 479-80 (5th Cir. 2011) (explaining that "very close" temporal proximity is sufficient to establish the causal link for a prima facie case). Accordingly, for the purposes of resolving Defendant's Motion, the Court concludes that the evidence is sufficient for Plaintiff to establish her prima facie case.

### *B. Defendant's Proffered Non-Discriminatory Purpose*

Next, the burden shifts to the Defendant to present evidence that its decision to terminate Plaintiff had a legitimate non-discriminatory purpose. According to Defendant, it had a good-faith

belief that Plaintiff had engaged in misconduct, providing it with a legitimate basis for the termination. ECF No. 18 at 15. Defendant points to its suspicion that the signature on Plaintiff's completed Certification Form did not match the names of Drs. Austin or Gill, which were listed on the form. As Defendant explains, its decision was made in good faith because rather than rely on suspicion alone, Defendant contacted Ms. Lopez at MD Anderson to verify the certification and received confirmation that neither Dr. Austin nor Dr. Gill had signed the form.

When an employer points to a good-faith belief that the employee engaged in misconduct as its legitimate, non-discriminatory reason, the key inquiry is not whether the Defendant's belief ultimately proves true, but rather whether the belief that informed Defendant's decision to terminate the Plaintiff was held in good faith when the decision was made. *DeVoss v. Southwest Airlines Co.*, 903 F.3d 487, 492 (5th Cir. 2018). For purposes of her response, Plaintiff does not contest that Defendant has articulated a legitimate non-discriminatory reason for the termination. ECF No. 19 at 13. The Court concludes that Defendant has met its burden of production to establish a legitimate non-discriminatory reason, and the burden thus shifts back to Plaintiff to contest the offered reason.

*C. Evidence of Pretext for Discrimination*

At the summary judgment stage, Plaintiff must demonstrate that a reasonable fact-finder could conclude that Defendant's non-discriminatory reason for her termination was pretext, and that the actions were retaliatory. Plaintiff may do so, either by showing that a discriminatory reason motivated the employer's actions directly, or by showing that the employer's reasons for the termination are "simply not believable." *Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir.2001) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). As the Fifth Circuit has

explained, the Plaintiff may do so using "*any evidence* that casts doubt on the credence of [Defendant's] reason." *Watkins v. Tregre*, 997 F.3d 275, 284 (5th Cir. 2021) (emphasis in original). In other words, a Defendant's proffered legitimate reason for termination can be "unworthy of credence if it is not the real reason" for the termination. *Id*.

Here, Plaintiff argues that Defendant's non-discriminatory reason is pretextual because (1) Defendant could not have formed a good-faith belief that the Certification Form was falsified without contacting Dr. Croley, and (2) the temporal proximity between Plaintiff's FMLA request and termination is close enough to be sufficient evidence of pretext. ECF No. 19 at 14-17.

First, Plaintiff argues that Defendant could not have formed a "genuine good-faith belief" that she had falsified the Certification Form because Defendant "intentionally avoided confirming facts." ECF No. 19 at 16. To support this premise, Plaintiff argues that Defendant's decision not to contact Dr. Croley, as Ms. Lopez suggested in her final email, or to contact the Plaintiff directly to ask about the discrepancy is sufficient evidence based upon which a jury could conclude that the Defendant's belief was not in good faith. *Id*. Further, during oral argument, Plaintiff pointed out that the signature on the Certification Form resembles a "J" and a scribble. *See* Minute Entry for August 28, 2026. Plaintiff argues that since Dr. Gill's first name is Jonathan, there is a factual question of whether it was reasonable in the first place for Defendant to be suspicious of the signature. *Id*. In response, Defendant first argues that the proper inquiry is not whether the employee is ultimately innocent or guilty of the alleged misconduct, but rather whether the employer's belief of that misconduct was held in good faith. *Cervantez v. KMGP Servs. Co.*, 349 Fed. Appx. 4, 10 (5th Cir. 2009). Defendant additionally argues that under Fifth Circuit precedent, a "deficient investigation" does not prove pretext for retaliation. *Medlock v. Ace Cash Exp., Inc.*, 589 F. Appx. 707, 710 (5th Cir. 2014).

Next, Plaintiff argues that the temporal proximity between when she requested FMLA leave and when Defendant terminated her further supports a finding of pretext. ECF No. 19 at 16. As Plaintiff describes it, the fact that the two events took place "very close" in time may be sufficient evidence of pretext alone. *Id*. (citing *Baumeister v. AIG Global Inv. Corp.*, 420 Fed. Appx. 351, 356 (5th Cir. 2011)). Here, 21 days passed between the FMLA request and the ultimate termination. *Id*. at 17. In response, Defendant argues that while temporal proximity alone may be sufficient to establish causation at the prima facie stage, it is not sufficient to be evidence of pretext. ECF No. 20 at 7; *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 807-08 (5th Cir. 2007) (holding that temporal proximity alone is insufficient to prove but for causation, as it is only one element of the entire calculation). Finally, Defendant relies on *Leal v. B F T, L.P.*, where this Court held that "temporal proximity alone is simply insufficient to raise a strong inference, let alone support a conclusion, of retaliation, even if the fact-finder were to reject Defendant's proffered explanation altogether." 713 F. Supp. 2d 669, 677 (S.D. Tex. 2010) (Ellison, J.), *aff'd sub nom. Leal v. BFT, Ltd. P'ship*, 423 F. App'x 476 (5th Cir. 2011).

The Court finds this question to be a close one but ultimately concludes that summary judgment for the Defendant must be rejected. In *Leal*, this Court explicitly noted that it was *not* holding that "temporal proximity coupled with a fact issue as to the defendant's explanation" will be insufficient to survive summary judgment in every case. *Id*. at n.2. In that case, plaintiff did not challenge defendant's assertion that the economic downturn created the need to make employment-related changes. *Id*. at 676. Rather, the only fact issue raised by plaintiff was whether the defendant had *actually* been considering terminating her as a result of the economic downturn. *Id*. As this Court explained in *Leal*, temporal proximity was not enough to survive summary

judgment, because the facts of the case, and "more particularly the degree to which Defendant's explanation has been challenged" necessitated the holding. *Id*. at 677 n.2.

The Court finds that, in this case, Plaintiff has "more conclusively challenged Defendant's proffered explanation for her termination." *Id*. at 677. Particularly, the Plaintiff has raised genuine issues of material fact as to both the reasonableness of Defendant's suspicion, given that the signature was a "J" and a scribble, and as to whether the Defendant's belief that Plaintiff falsified her documents could have been in good-faith without following up on Ms. Lopez's final email. The Court finds these questions to be disputes of material fact, and when drawing inferences for the non-movant, finds that Plaintiff has raised fact issues as to the good-faith nature of Defendant's proffered explanation. Defendant correctly argues that temporal proximity *alone* is insufficient to establish pretext, however, Plaintiff does not rely solely on temporal proximity to establish pretext in this case. When assessing whether summary judgment is appropriate, the Court considers all the evidence before it. *See Rios v. Rossotti*, 252 F.3d 375, 379 (5th Cir. 2001) (explaining that to determine whether summary judgment is proper, the court considers "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any evidence that supports the employer's case" (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148-49 (2000))). Assessing all the evidence before the Court, and drawing all inferences for the non-movant, the Court concludes that Plaintiff has presented sufficient evidence to support the conclusion by a fact-finder that Defendant's decision to terminate her was pretextual.

## IV. CONCLUSION

Accordingly, because the Court finds there is a genuine issue of fact as to whether Defendant's termination of Plaintiff can be attributed to her decision to take leave under the FMLA, summary

judgment in favor of the Defendant cannot be granted. Defendant's Motion for Summary Judgment (ECF No. 18) is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on September 11, 2026.

Keith P. Ellison
United States District Judge